## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CRYSTAL KURI, On Behalf of Herself and All Others Similarly Situated,**

**Plaintiff,**

**v.**

**ADDICTIVE BEHAVIORAL CHANGE HEALTH GROUP, LLC,**

**Defendant.**

**Case No. 16-CV-2685-JAR-JPO**

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Conditional Certification of Class Claims Under § 216(b) of the FLSA (Doc. 26). Defendant does not oppose the motion. The matter is fully briefed, and the Court is prepared to rule. Because the motion is unopposed, and for the reasons stated in detail below, Plaintiff's motion is granted. Specifically, the Court will conditionally certify the following class:

> All nurses who were employed by Defendant, on an hourly basis, from November 9, 2014 to the present and who were not paid for all straight time and overtime premiums for all hours worked in excess of forty per work week.

The Court authorizes written notice to be sent to putative plaintiffs. However, the Court first directs the parties to confer, attempt to agree on a proper notice and consent-to-join form, and resubmit the forms for the Court's approval.

## I.       Standard

Plaintiff seeks to conditionally certify her claim brought under the Fair Labor Standards Act ("FLSA") as a collective action under 29 U.S.C. § 216(b). An action under the FLSA may be brought "against any employer . . . by any one or more employees for and in behalf of himself

or themselves and other employees similarly situated."[1]  Unlike a class action under Federal Rule of Civil Procedure 23, to participate in an FLSA collective action, all plaintiffs must "give[ ] [their] consent in writing to become such a party," and it must be "filed in the court in which such action is brought."[2]

Before notice is sent to putative plaintiffs to inform them of the pending action, it must be conditionally certified as a collective action.  The court may certify an opt-in collective action so long as the aggrieved employees are similarly situated.[3]  Section 216(b) does not define "similarly situated."  The Tenth Circuit has approved an *ad hoc* case-by-case basis for determining whether employees are "similarly situated" for purposes of § 216(b).[4]  This involves a two-step inquiry.[5]  The first step occurs at the "notice stage" of the proceedings.  Here, the court determines if certification is proper for purposes of sending notice of the action to potential collective action members.[6]  At this stage, the court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."[7]  This standard is very lenient and typically results in conditional certification.[8]

After discovery is complete, defendant may file a motion to decertify, and the court then applies a stricter standard to assure that plaintiffs are actually similarly situated.[9]  During this second stage, the court reviews a number of factors, including "(1) disparate factual and

---

[1]29 U.S.C. § 216(b).

[2]*Id.*

[3]*See id.*

[4]*Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

[5]*Id.* at 1105.

[6]*Id.* at 1102.

[7]*Id.* (internal alterations omitted); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (citations omitted).

[8]*Thiessen*, 267 F.3d at 1103*; Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).

[9]*Thiessen*, 267 F.3d at 1102–03.

employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required [] before instituting suit."[10]

## II.    Background

Plaintiff filed this action on October 5, 2016.  The allegations in Plaintiff's Complaint are summarized as follows.

Plaintiff was employed by Defendant as an hourly nurse.  She seeks to represent a class composed of nurses employed on an hourly basis, who worked for Defendant from October 5, 2013 to the present and who allege they were not paid for all straight time and overtime premiums of all hours worked in excess of forty hours per workweek.

In Count I of her Complaint, Plaintiff asserts a collective claim pursuant to § 216(b) of the FLSA for straight time and overtime compensation on behalf of all hourly nurses who have worked for Defendant.  Plaintiff seeks relief in the form of a declaratory judgment, an award of damages for straight time and overtime compensation due to Plaintiff and the putative members of the collective action, liquidated damages, and costs and expenses of this action, including reasonable attorneys' fees.  While Plaintiff asserts additional causes of action, including a claim for violation of the Kansas Wage Payment Act, K.S.A. § 44-313, *et seq.*, quantum meruit, and breach of contract, the FLSA claim is the only basis on which Plaintiff seeks approval of a collective action.

---

[10]*Id.* at 1103; *Garcia v. Tyson Foods, Inc.*, No. 06-2198, 2009 WL 352603, at *4 (D. Kan. Feb.12, 2009).

## III.    Discussion

### A.    Conditional Certification

Plaintiff's motion is before the Court at the notice stage of review.  The parties have not yet completed discovery.[11]  Furthermore, the scheduling order provides deadlines only for limited discovery preceding the motion for conditional certification, and a trial date has not yet been set.  As the parties do not dispute that the present motion is pending before this Court at the first stage, the Court applies a lenient notice-stage analysis, reviewing the allegations in Plaintiff's Complaint and declarations, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."[12]

Generally, courts in this district have limited the scope of their review on a motion for conditional certification to the allegations in a plaintiff's complaint and supporting affidavits.[13] The motion before this Court is one for conditional certification only.  At this initial stage, the court applies the notice-stage determination of "similarly situated" leniently.[14]  In reviewing a motion for conditional certification, the court does not weigh the evidence, resolve factual disputes,[15] or rule on the merits of Plaintiff's claims.[16]  The court "requires *nothing more than*

---

[11]*See Pivonka v. Bd. of Cty. Comm'rs of Johnson Cty., Kan.*, No. 04-2598-JWL, 2005 WL 1799208, at *2 (D. Kan. July 27, 2005) (applying first-stage analysis even though discovery had been conducted).

[12]*Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

[13]*Renfro v. Spartan Computer Servs.*, 243 F.R.D. 431, 434 & n.4 (D. Kan. 2007) (declining to consider defendant's additional evidence at the "notice stage" because plaintiff is only required to produce substantial allegations and supporting affidavits or declarations) (collecting cases); *see Gipson v. S.W. Bell Tel. Co.*, No. 08-cv-2017-EFM/DJW, 2009 WL 1044941, at *3 n.22 (D. Kan. Apr. 20, 2009); *Geer v. Challenge Fin. Inv'rs Corp.*, No. 05-1109-JTM, 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005); *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 680 (D. Kan. 2004).

[14]*Thiessen*, 267 F.3d at 1102; *see Simpkins v. Pulte Home Corp.*, No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at *5–*6 (M.D. Fla. Aug. 21, 2008) (noting that defendant produced over 500 pages of evidence, but holding that "more is not necessarily better, and the evidence [defendant] presents goes far beyond the scope of this Court's review at the first stage of the certification process.").

[15]*Barnwell v. Corr. Corp. of Am.*, No. 08-2151-JWL, 2008 WL 5157476, at *5 (D. Kan. Dec. 9, 2008) ("even assuming that plaintiffs had submitted evidence that could be considered contradictory, the fact that evidence exists negating plaintiffs' claims does not warrant the denial of conditional certification where plaintiffs nonetheless

substantial allegations."[17]  And judges in this District have declined to proceed to the second

stage before notice is given.[18]

Although Plaintiff did not submit declarations or supporting affidavits with her motion,

Defendant does not dispute that her allegations satisfy the low threshold for an order

conditionally certifying Plaintiff's claims as a collective action under the FLSA.  Furthermore,

the Court finds Plaintiff has met the low threshold of providing substantial allegations that she

and the putative class members were together the victims of a single policy, sufficient to warrant

conditional certification.

### B.      Notice to Putative Plaintiffs

The benefits of a collective action "depend on employees receiving accurate and timely

notice concerning the pendency of the collective action, so that they can make informed

decisions about whether to participate."[19]  Plaintiff has submitted a proposed notice and consent-

to-join form with her motion to conditionally certify.  Defendant does not oppose the proposed

notice and consent-to-join form.

The Court has thoroughly reviewed the proposed notice and consent-to-join form.  Upon

review, the Court denies Plaintiff's motion without prejudice with regard to the form and

---

have presented substantial allegations supporting the existence of a policy"); *Geer*, 2005 WL 2648054, at *2 (deciding to consider only the pleadings and affidavits filed by plaintiffs because, "at this point, the Court is not prepared to weigh the evidence"); *Whalen v. United States*, 85 Fed. Cl. 380, 384 (Fed. Cl. 2009) ("In the process, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.") (citation and internal quotation marks omitted); *see also Thiessen*, 267 F.3d at 1106–07 (noting that, in applying the stricter second-stage standard, trial court weighed the evidence and made factual findings in determining whether plaintiffs were "similarly situated," and as a result "the district court essentially deprived plaintiffs of their right to have the issues decided by a jury, or to at least have the court determine, under summary judgment standards, whether there was sufficient evidence to send the issue to the jury.").

[16]*Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006).

[17]*Thiessen*, 267 F.3d at 1102 (alterations omitted; emphasis added).

[18]*Renfro*, 243 F.R.D. at 434 & n.4; *Gieseke*, 408 F. Supp. 2d at 1167 (noting significant prejudice to putative plaintiffs if the first stage were bypassed).

[19]*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

substance of the notice.  The proposed notice contains several references to the Court.[20]  These references should be removed.[21]  The Court therefore directs the parties to further confer and submit an amended joint proposed notice and consent-to-join form with these references to the Court removed.  The parties are encouraged to review the forms approved in *Fortna v. QC Holdings, Inc.* in advance of submitting an amended notice and consent-to-join form.[22]

Finally, Plaintiff alleges Defendant engaged in this policy and practice willfully, thereby invoking a three-year statute of limitations.[23]  Under the FLSA, the statute of limitations for each plaintiff runs until the date he or she files a written consent to join the action, unless the limitations period is equitably tolled.[24]  Therefore, with regard to putative plaintiffs who will receive notice of this action, the Court applies a three-year statute of limitations period to the putative collective action members.  Therefore, the Court limits the class to "November 9, 2014 to the present."[25]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Plaintiff's Motion for Conditional Certification of Class Claims Under § 216 of the FLSA (Doc. 26) is **granted in part**

---

[20]Doc. 27-1 at 1, 3–5 ("A court authorized this notice.  This is not a solicitation from a lawyer."); ("The Court has conditionally certified this case as a collective action . . ."); ("The Court has not decided whether the Defendant has done anything wrong."); ("If the Court grants the lawyers' request, the fees and expenses would be either deducted from any money obtained for the class or paid separately by the Defendant.").

[21]*See Hoffmann-La Roche*, 493 U.S. at 174 (1989) (declining to discuss the content of the notice, but when court-authorized notice included "a statement that the notice had been authorized by the District Court, but that the court had taken no position on the merits of the case," the Supreme Court reminded lower courts that they must "take care to avoid even the appearance of judicial endorsement of the merits of the action.").

[22]No. 06-CV-0016-CVE-PJC, 2006 WL 2385303 (N.D. Okla. Aug. 17, 2006).

[23]Doc. 1 at 1, 4 ("[t]he foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 201, *et seq.*"); 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 135 (1988) (applying three-year statute of limitations to willful violations of the FLSA, and defining willful as "that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute").

[24]29 U.S.C. § 256; *In re Am. Family Mut. Ins. Co. v. Overtime Pay Litig.*, No. 06-cv-17430-WYD-CBS, 2009 WL 248677, at *4 (D. Colo. Feb. 3, 2009).

[25]*See Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 435 n.5 (D. Kan. 2007).

**and denied in part.**  The Court **grants** Plaintiff's motion to conditionally certify Plaintiff's claims under § 216(b) of the FLSA for the following class of persons:

> All nurses who were employed by Defendant, on an hourly basis, from November 9, 2014 to the present and who were not paid for all straight time and overtime premiums for all hours worked in excess of forty per work week.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion to approve Plaintiff's form of notice is **denied without prejudice**, to be reasserted after the parties have conferred and removed the provisions identified by the Court above.  The parties shall submit a joint amended proposed notice and consent-to-join form to the Court for approval within fourteen (14) days of the Court's order.

**IT IS FURTHER ORDERED THAT** Plaintiff Crystal Kuri is hereby designated class representative and her counsel, Phillip M. Murphy II, is hereby designated class counsel.

**IT IS SO ORDERED.**

Dated: November 13, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE