IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRYSTAL KURI, ) | |
| ) | |
| Plaintiff, ) | Case No. 16-CV-02685-JAR-JPO |
| ) | |
| v. ) | |
| ) | |
| ADDICTIVE BEHAVIORAL CHANGE ) | |
| HEALTH GROUP, L.L.C., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Leave to amend a complaint need not be given when the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's proposed amendment to add an FLSA retaliation claim would be futile as it would not survive summary judgment.

Plaintiff cites to no law as the substantive basis for the amendment—not even the statute her claim would be brought under. The Fair Labor Standards Act (FLSA) makes it unlawful for an employer to retaliate against an employee who has asserted an FLSA claim by discharging them or discriminating against them. 29 U.S.C.A. § 215 (a)(3)[1]. Plaintiff cites to no authority for the assertion that an employer's counterclaims against a former employee for recovery of overpaid holiday pay and recovery of an unpaid loan to the employee could qualify under this statute as unlawful retaliation against Plaintiff for filing her FLSA claim. And it is not apparent from the statute's language that it could be.

---

[1] 29 U.S.C.A. § 215 (a) provides in relevant part: "…it shall be unlawful for any person-- … (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…."

Defendant acknowledges that some courts have been willing to assume that an employer could violate this subsection by filing a counterclaim against an FLSA plaintiff if the counterclaim was baseless and asserted solely for retaliatory purposes. The recent case of *Sparks v. Duncan Race Cars, Inc.,* 2014 WL 7403382 (D. Colo.) is instructive, especially as it relies on 10th Circuit law. *Sparks* noted that the FLSA retaliation prohibition is similar to the Title VII retaliation prohibition, and that the U.S. Supreme Court has given the Title VII retaliation prohibition an expansive reading. *Id*., at *6. So *Sparks* was willing to assume the possibility of a similar expansive reading for the FLSA prohibition. The court noted its prior holding that an employer's counterclaim in a Title VII case "by itself, may not form the basis of a retaliation claim" but that "[i]t is conceivable that a frivolous, baseless, or otherwise abusive counterclaim might form the basis for a [Title VII] retaliation claim." *Id*., at *7. The *Sparks* court therefore examined the counterclaims "to determine whether they were so baseless as to rise to the level of actionable retaliation." *Id*. The court examined the evidence proffered by the parties and determined that it did not establish that the counterclaims were baseless. The court therefore held the counterclaims could not amount to unlawful retaliation and denied the motion to amend to add the FLSA retaliation claim. *Id*., at *7, *8, *9.

*Sparks* also explained that an FLSA retaliation claim was to be analyzed under the three-pronged *McDonnell Douglas* framework, citing *Pacheco v. Whiting Farms, Inc*., 365 F. 3d 1199, 1206 (10th Cir. 2004). Under the first prong the employee must establish a *prima facie* case of retaliation by demonstrating (1) they engaged in protected activity under the FLSA, (2) they suffered an adverse employment action, and (3) a causal

connection between the two. *Id.*, at *6. The court's determination that the employer's counterclaims were not baseless meant that their filing was not an "adverse employment action" so that the employee did not establish a *prima facie* case of retaliation. If a *prima facie* case had been established, the burden would have shifted to the employer to provide a non-retaliatory reason for the counterclaims, and then the burden would have shifted back to the employee to show that the reason was merely a pretext for retaliation.

Perhaps implicit in the *Sparks* analysis is that an employer, like any other party, has a fundamental right to seek redress for its injuries in a court of law. In Kansas, that right is enshrined in § 18 of the Kansas Constitution's Bill of Rights. It provides: "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay." "This provision guarantees that each person whose property has been injured will receive a remedy." *Aves by and through Aves v. Shah,* 258 Kan. 506, 521, 906 P.2d 642, 653 (1995).

<h3 style="text-align:center">Evidence in Support of the Counterclaims</h3>

**1.    The Counterclaim for Recovery of the Overpaid Holiday Pay**

After Plaintiff filed suit claiming she was not paid for work she allegedly did off the clock, Defendant employer (ABC) audited of all of its employees' time and pay, with the assistance of its payroll vendor, and discovered some mistakes in the amounts paid to employees. It discovered that some overtime hours had been paid at the regular pay rate, and in Plaintiff's case that was 3 hours for an underpayment of $30.38. The audit also discovered that Plaintiff had been overpaid for holiday pay totaling $486.00, as she was mistakenly paid for three holidays she was not entitled to as a probationary employee.

3

ABC then paid its employees an additional time-and-a-half for the underpaid overtime hours, but did not make such a payment to Plaintiff because of the larger overpayment of holiday pay to her and because of money she had borrowed from ABC but had not repaid. See the attached Declaration of Steve Kamau (Exhibit A) for evidence in support of these and other relevant facts. See also the attached excerpt from Plaintiff's deposition (Exhibit B, 18:18-22) for her admission that she was a probationary employee.

Because Plaintiff was paid the holiday pay by mistake, ABC has a legitimate unjust enrichment claim against her for its recovery. Furthermore, ABC's counterclaims also have an important defensive purpose. The remedies provided by the FLSA include an award of attorney fees to a plaintiff who gets a judgment in her favor. 29 U.S.C.A. § 216 (b). So a judgment in Plaintiff's favor of even $60.76 (the underpayment of overtime and the associated liquidated damages) would likely result in a much larger attorney fee judgment. But because ABC has larger claims against Plaintiff, the judgment will be in ABC's favor, not Plaintiff's favor, so Plaintiff will not be entitled to an award of attorney fees. 49 C.J.S. Judgments § 107 ("Where … recovery … is had by both parties, the different amounts should be set off against each other and but one judgment rendered for the balance.") That is another non-retaliatory purpose in filing both counterclaims.

### 2. The Counterclaim for the Unpaid Loan

Plaintiff admits that she borrowed $1,500 from ABC for car repair, and that she did not repay the loan. She testified that after she was fired (because a drug screen showed she had ingested Methadone, which she did not have a prescription for) ABC's clinic director, Steve Kamau, told her she did not have to repay the loan. (Kuri Depo.,

4

Exhibit B, 102:14 –105:25) Kamau testified that he does not recall any discussion with Plaintiff telling her she could keep the money. (Kamau Depo., Exhibit C, 35:21 – 36:3) It is Plaintiff's burden to prove that she was released from the obligation to repay the loan. Thus, it is a legitimate counterclaim, and certainly not baseless.

### 3. The Counterclaims Recognize Plaintiff's Legitimate FLSA Claim for $60.76

ABC's counterclaims (Doc. 6) acknowledge Plaintiff's legitimate claim for the underpayment of three hours of overtime, totaling $60.67 including the liquidated damages, and seeks judgment for the amount Plaintiff owes to ABC only in excess of that amount. That is inconsistent with the counterclaims being retaliatory. The rest of Plaintiff's FLSA claim—that she allegedly worked off the clock and was not paid for it—is not supported by the evidence and is an illegitimate claim.

WHEREFORE, the motion to amend should be denied as futile.

                Respectfully submitted,

                ADAMS JONES LAW FIRM, P.A.
                1635 N. Waterfront Parkway, Suite 200
                Wichita, KS 67206-6623
                Phone: (316) 265-8591
                Fax: (316) 265-9710
                Email:  mvines@adamsjones.com

                By /s/ Monte Vines
                    Monte Vines, KSC#11044
                    Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on June 21, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to:

Phillip M. Murphy II
Law Office of Phillip M. Murphy, II
6731 W. 121st Street
Overland Park, KS 66209

    /s/ Monte Vines
    Monte Vines, KSC#11044