IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CRYSTAL KURI,

            Plaintiff,

v.                                                           Case No. 16-2685-JAR

ADDICTIVE BEHAVIORAL CHANGE
HEALTH GROUP, LLC,

            Defendant.

## **ORDER**

The plaintiff, Crystal Kuri, brings this FLSA action against her former employer, Addictive Behavioral Change Health Group, LLC, alleging claims for straight time and overtime compensation. Defendant has asserted counterclaims against plaintiff for unjust enrichment and breach of contract. Shortly before the final pretrial conference was scheduled to occur, plaintiff filed a motion to amend her complaint to assert a retaliation claim under the FLSA based on defendant's breach-of-contract counterclaim (ECF No. 45). The proposed retaliation claim is premised on the May 1, 2018 deposition testimony of Steve Kamau, "the owner of the defendant," that "he only filed the counterclaim because of the FLSA suit filed by Ms. Kuri."[1] Defendant opposes plaintiff's motion, arguing that the proposed amendment should be denied on the basis of futility.

On July 2, 2018, the undersigned U.S. Magistrate Judge, James P. O'Hara,

---

[1] ECF No. 46-1, para. 49.

1

conducted the final pretrial conference in this matter. Plaintiff appeared through counsel, Phillip M. Murphy, II. Defendant appeared through counsel, Monte A. Vines. For the reasons set forth below and at the pretrial conference, plaintiff's motion to amend is granted.

Under Fed. R. Civ. P. 15(a)(2), once a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[2] Rule 15 dictates the court "should freely give leave when justice so requires."[3] Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate … to be headed."[4] Nonetheless, a court may deny leave to amend upon a showing of, among other things, "futility of amendment."[5]

"A proposed amendment is futile if the amended complaint would be subject to

---

[2] Because plaintiff's motion to amend was filed more than one year after the May 18, 2017, deadline for amending pleadings (*see* ECF Nos. 18 & 36), plaintiff must also show good cause under Fed. R. Civ. P. 16(b)(4) to amend the scheduling order. *See Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240–41 (10th Cir. 2014). Plaintiff filed her motion to amend within 45 days of the deposition testimony giving rise to the proposed retaliation claim. Accordingly, although neither party makes specific reference to Rule 16(b)(4), the court finds plaintiff has satisfied the good-cause requirement.

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

dismissal."[6] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[7] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a plausible claim.[8] "The party opposing the proposed amendment bears the burden of establishing its futility."[9]

Defendant argues the proposed retaliation claim wouldn't survive a motion for summary judgment. Acknowledging that "some courts have been willing to assume that an employer could violate [29 U.S.C. § 215(a)(3)] by filing a counterclaim against an FLSA plaintiff if the counterclaim was baseless and asserted solely for retaliatory purposes,"[10] defendant claims its counterclaims are legitimate, and offers extra-pleading evidence in support thereof.

---

[6] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[7] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[8] *Little*, 548 F. App'x at 515 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[9] *Mars v. Novartis Pharm. Corp.,* No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[10] ECF No. 49 at 2 (citing *Sparks v. Duncan Race Cars, Inc.*, No. 14-0447, 2014 WL 7403382 (D. Colo. Dec. 29, 2014)).

Legally and factually, the undersigned judge has serious doubts as to the viability of plaintiff's proposed retaliation claim. Further, despite the possibility that plaintiff's counsel could possibly recover fees if his client prevails, the undersigned has serious doubts about the prudence of plaintiff pursuing this litigation, given that defendant's counterclaim exceeds plaintiff's maximum recovery. Nevertheless, the undersigned declines to deny plaintiff's motion to amend based on futility. Given the limited briefing and case law (which suggests that certain circumstances may warrant an FLSA plaintiff's retaliation claim based on a defendant's counterclaim), as well as the Rule 12(b)(6) standard in considering motions to amend (rather than a summary judgment standard), the court finds plaintiff's retaliation claim more appropriately addressed by a dispositive motion before the presiding U.S. District Judge, Julie A. Robinson.

IT IS THEREFORE ORDERED that plaintiff's motion to file an amended complaint is granted. However, in light of the pretrial order being entered very shortly, which will address the retaliation claim and which would supersede the parties' pleadings in any event, plaintiff is relieved of her obligation to file an amended complaint, and defendant is relieved of its obligation to file any pleading responsive to plaintiff's retaliation claim.

Dated July 3, 2018, at Kansas City, Kansas.

                                          s/ James P. O'Hara
                                          James P. O'Hara
                                          U.S. Magistrate Judge