IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CRYSTAL NICOLE JONES**
**a/k/a CRYSTAL NICOLE KURI,**

    **Plaintiff,**

    v.

**ADDICTIVE BEHAVIORAL**
**CHANGE HEALTH GROUP, LLC,**

    **Defendant.**

Case No. 2:16-cv-02685-HLT

## MEMORANDUM AND ORDER

Plaintiff Crystal Nicole Kuri filed this action against her former employer, Defendant Addictive Behavioral Change Health Group, LLC, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., the Kansas Wage Payment Act ("KWPA"), K.S.A. §§ 44-313, et seq., and Kansas state law alleging claims of failure to pay overtime, wages due, breach of contract, and retaliation. In response, Defendant asserted counterclaims for unjust enrichment and breach of contract. Plaintiff now seeks dismissal of Defendant's counterclaims and partial summary judgment in her favor on two of her affirmative claims—Count I for violations of the FLSA and Count V for FLSA retaliation. Docs. 75, 77.

For the following reasons, the Court finds that it lacks subject matter jurisdiction over Defendant's state law counterclaim for breach of contract and, accordingly, dismisses without prejudice that claim. The Court, however, declines to dismiss Defendant's unjust enrichment claim on either of the bases sought by Plaintiff. The Court likewise denies Plaintiff's motions for partial summary judgment on her claims for violation of the FLSA and FLSA retaliation.

I.  **BACKGROUND**

   A.  **Factual Allegations[1]**

Defendant employed Plaintiff as a dispensing nurse from November 2014 to January 2015. Doc. 72 at 2. Pursuant to Plaintiff's employment contract, Defendant was to pay Plaintiff an hourly wage of $20.25. *Id.* Defendant's employees—including Plaintiff, during the pendency of her employment—record time worked by clocking in and out of their shifts through a computer program. *Id.* at 1-2. For any hours worked overtime, Defendant's Policies and Procedures Manual provides:

> Non-exempt salaried (hourly) employees will be paid at the rate of one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours in any one workweek.

Doc. 79 at 5; Doc. 82 at 1.

On October 5, 2016, Plaintiff filed this lawsuit, claiming Defendant failed to pay her for all hours worked—including time spent performing work-related tasks both before and after her scheduled shift—and also failed to pay her time-and-a-half for overtime. Doc. 1; Doc. 72 at 3. Plaintiff's claims prompted Defendant to conduct an audit of its employees' time and pay records, which revealed that overtime hours had been undercounted for several employees. Doc. 72 at 3. Specifically, the audit showed that some employees had been paid "straight time" (i.e., their standard hourly wage) for the undercounted overtime hours, instead of the "time-and-a-half" due for those hours under the terms of their employment. *Id.* With respect to Plaintiff, the audit revealed three hours for which Plaintiff had been paid straight time instead of overtime wages, a difference

---

[1] With respect to Plaintiff's motion to dismiss the counterclaims (Doc. 77), the Court accepts as true Defendant's well-pleaded factual allegations. In reciting the facts relevant to Plaintiff's motions for partial summary judgment (Docs. 75, 77), the Court has set forth only those uncontroverted facts required to reach its decision, and the Court construes those facts in the light most favorable to Defendant as the non-moving party.

of $30.38. Doc. 79 at 6; Doc. 82 at 1. The audit also revealed that Defendant mistakenly <u>overpaid</u> Plaintiff amounts designated as holiday pay by $486.00. *Id.*

In an attempt to rectify the overtime payment issue, Defendant paid affected employees an additional time-and-a-half amount for the undercounted hours. Doc. 72 at 3. Defendant, however, has not paid Plaintiff any additional amount, arguing it actually overpaid Plaintiff due to (1) its allegedly mistaken payment of $486.00 designated as holiday pay, and (2) Plaintiff's failure to repay a $1,500.00 loan for car repairs extended by Defendant during the course of Plaintiff's employment. *Id.* at 4-5.

### B. Procedural History

Based on the above allegations, Plaintiff asserts claims in this action for (1) violation of the FLSA, (2) violation of the KWPA, (3) breach of contract, and (4) retaliation under the FLSA. Doc. 72. Although Plaintiff's FLSA violation claim was previously conditionally certified as a collective action under § 216(b) of the FLSA, the case has since been decertified as a collective action. Docs. 30, 39. Therefore, Plaintiff's claim for violation of the FLSA proceeds on an individual basis only. Doc. 39.

Defendant asserts counterclaims against Plaintiff for unjust enrichment (related to the holiday pay allegations) and breach of contract (related to the car repair loan).[2] Doc. 72. Plaintiff now moves to dismiss Defendant's counterclaims pursuant to Federal Rules of Civil Procedure

---

[2] The Court's recitation of the claims and counterclaims in this action is based on the amended pretrial order entered on September 28, 2018, which supersedes the pleadings and controls the course of this case going forward. Doc. 72. The Court also notes that, although Plaintiff's original complaint asserted a claim for quantum meruit, Plaintiff has since abandoned that claim. *Id.* at 6.

3

12(b)(1) and 12(b)(6).[3] Doc. 77. Plaintiff simultaneously moves for summary judgment with respect to her affirmative claims for violation of, and retaliation under, the FLSA.[4] Docs. 75, 77.

## II. ANALYSIS

### A. Plaintiff's Motion to Dismiss the Counterclaim (Doc. 77)

Plaintiff moves to dismiss Defendant's counterclaims, arguing (1) that the Court lacks subject matter jurisdiction over Defendant's counterclaim for unjust enrichment and its counterclaim for breach of contract, and (2) with respect to Defendant's counterclaim for unjust enrichment only, that Defendant fails to state a claim for relief. Doc. 77. The Court first addresses Plaintiff's jurisdictional argument.

#### 1. Rule 12(b)(1)

As set forth above, Plaintiff moves to dismiss both counterclaims pursuant to Rule 12(b)(1). For the following reasons, the Court finds that it lacks subject matter jurisdiction over Defendant's counterclaim for breach of contract but exercises supplemental jurisdiction over Defendant's counterclaim for unjust enrichment.

##### a. Standard

Federal courts are courts of limited jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). Accordingly, there is a presumption against federal jurisdiction and the party invoking jurisdiction bears the burden to show jurisdiction is proper. *Id.* Where the court lacks subject matter jurisdiction, it "must dismiss the cause at any stage of the proceedings

---

[3] Although Plaintiff moves to dismiss both counterclaims for lack of subject matter jurisdiction under Rule 12(b)(1), Plaintiff moves pursuant to Rule 12(b)(6) with respect to Defendant's counterclaim for unjust enrichment only. Doc. 77.

[4] Plaintiff's motions for partial summary judgment only address her FLSA claims. Docs. 75, 77. Plaintiff has not sought summary judgment on her claims under the KWPA and for breach of contract.

in which it becomes apparent that jurisdiction is lacking." *Id.* (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally fall into one of two categories: "facial" attacks or "factual" attacks. *Davenport v. Wal-Mart Stores, Inc.*, 2014 WL 3361729, at *1 (D. Kan. 2014). A facial attack questions the sufficiency of the allegations as to subject matter jurisdiction. *Id.* In reviewing a facial attack on subject matter jurisdiction, the district court accepts the jurisdictional allegations as true. *Id.* A factual attack exists where a party goes beyond the allegations and challenges the facts upon which jurisdiction depends. *Id.* When reviewing a factual attack, the court does not presume the truthfulness of the factual allegations. *Id.*

### b. Analysis

The parties acknowledge that Defendant's counterclaims are brought under Kansas state law and, therefore, the Court does not have original jurisdiction over those claims. The parties dispute whether the Court may exercise supplemental jurisdiction over the counterclaims. A district court has discretion to exercise supplemental jurisdiction over state law claims that are sufficiently related to a pending federal claim. *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000). Specifically, 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." This language is interpreted as requiring that the federal and state law claims derive from "a common nucleus of operative fact." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164-65 (1997). In deciding whether to exercise supplemental jurisdiction over state law claims, the district court should consider whether the values of judicial economy, convenience, and fairness would be served by

5

retaining jurisdiction. *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013) ("[W]e have said the court should consider retaining state claims when, 'given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction.'" (quoting *Anglemyer v. Hamilton Cty. Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995)).[5]

Plaintiff argues that the Court cannot exercise supplemental jurisdiction over Defendant's counterclaims because the counterclaims do not arise out of the same nucleus of operative fact as Plaintiff's underlying federal claim—i.e., her claim for violation of the FLSA. Doc. 78 at 6-9. Therefore, Plaintiff argues, the Court lacks subject matter jurisdiction over the counterclaims. *Id.* The Court addresses the parties' respective arguments separately with regard to each of the counterclaims.

### i. Breach of Contract

In its opposition to the motion to dismiss, Defendant concedes that—in comparison to its claim for unjust enrichment, discussed below—its breach of contract counterclaim bears a more tenuous relationship to Plaintiff's FLSA claim. Doc. 80 at 13. However, Defendant attempts to create a link between its breach of contract claim and Plaintiff's FLSA claim by arguing that the money owed by Plaintiff in connection with the car repair loan is akin to an overpayment of wages because she did not earn it, has not repaid it, and received the money solely due to her employer-

---

[5] Before Congress's enactment of 28 U.S.C. § 1367, some courts—including the Tenth Circuit—determined supplemental jurisdiction based upon whether the counterclaim was compulsory or permissive. *Hand v. Walnut Valley Sailing Club*, 2011 WL 2938109, at *3 (D. Kan. 2011); *see also Pipeliners Local Union No. 798 v. Ellerd*, 503 F.2d 1193, 1198 (10th Cir. 1974). If the claim was compulsory—i.e., "[arose] out of the transaction or occurrence that is the subject matter of the opposing party's claim"—courts had jurisdiction to consider it. *Hand*, 2011 WL 2938109, at *3; *see also* FED. R. CIV. P. 13(a)(1)(A). If the counterclaim was permissive, however, it had to rest upon an independent ground of federal jurisdiction. *Hand*, 2011 WL 2938109, at *3. But since the enactment of § 1367, the Tenth Circuit has not determined whether supplemental jurisdiction depends upon the distinction between compulsory and permissive counterclaims. *See, e.g.*, *id.*; *Wilhelm v. TLC Lawn Care, Inc.*, 2008 WL 640733, at *1 n.1 (D. Kan. 2008). Here—aside from passing references by Plaintiff in her briefing (Doc. 78 at 1-2, 8)—the parties do not argue whether Defendant asserts compulsory or permissive counterclaims. The Court therefore declines to address this issue and, indeed, does not need to, because—under the facts of this case—the Court's jurisdictional analysis would not change under the compulsory/permissive analysis.

employee relationship with Defendant. *Id.* at 14-16. Defendant reasons that any overpayments received by Plaintiff are related to her FLSA allegations, as such overpayments must be figured into the amount of any net underpayment to Plaintiff arising from the miscounting of her overtime hours. *Id.* The Court disagrees with Defendant's analysis and finds that the facts underlying Plaintiff's FLSA claim and Defendant's breach of contract claim do not overlap to the degree necessary to justify an exercise of supplemental jurisdiction.

First, the Court notes that the employer-employee relationship alone is insufficient to create a common nucleus of operative fact between an FLSA claim and a state law claim. *Wilhelm v. TLC Lawn Care, Inc.*, 2008 WL 640733, at *3 (D. Kan. 2008) ("Because defendant relies solely on its employer-employee relationship with plaintiffs to support supplemental jurisdiction, and does not identify a more specific factual connection between its counterclaims and plaintiffs' FLSA claim, the Court cannot find a common nucleus of operative fact between the causes of action which would permit it to exercise supplemental jurisdiction over defendant's state law counterclaims.").

Second, Defendant's allegation that Plaintiff failed to repay a car loan rests on an entirely different set of facts than Plaintiff's claim for overtime wages under the FLSA. To prove her FLSA claim, Plaintiff will need to present evidence showing the number of hours she worked, the pay actually received for those hours, and the pay she should have received for those hours. By contrast, to prove its counterclaim for breach of contract, Defendant will need to establish the existence of the loan agreement itself (a contract wholly separate from Plaintiff's employment agreement, which establishes the terms of her payment), Plaintiff's failure to repay that loan, and proof of damages from Plaintiff's failure to repay. Defendant's state law counterclaim for breach of contract does not derive from the same nucleus of operative fact as Plaintiff's FLSA claim. *See, e.g.*, *Bautista v. The Discount Warehouse, Inc.*, 2016 WL 1028358, at *2 (S.D. Fla. 2016)

(concluding, in action for unpaid overtime wages under the FLSA, that an employee's indebtedness under a promissory note did not arise from facts and circumstances pertaining to his FLSA claim because "[i]n deciding whether Plaintiff failed to pay the note, the Court would not need to determine questions of fact similar to those of the FLSA case, such as Plaintiff's employment status and hours Plaintiff worked"); *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974) (explaining that "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards" and noting that "clutter[ing] these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the [FLSA]" (emphasis added)), *rev'd on other grounds in McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).

Finally, judicial economy would not be advanced by an exercise of jurisdiction. Rather, an exercise of jurisdiction over Defendant's breach of contract claim would complicate these proceedings because this claim would require different evidence and, likely, different witnesses. The Court accordingly dismisses Defendant's counterclaim for breach of contract for lack of subject matter jurisdiction.

### ii.  Unjust Enrichment

In contrast to its claim for breach of contract, Defendant's unjust enrichment counterclaim derives from the same nucleus of operative fact as Plaintiff's FLSA claim. Again, to prove her FLSA claim, Plaintiff will need to present evidence showing her overtime hours worked and how much Defendant should have paid her (versus what she was actually paid). For Defendant to prove its unjust enrichment claim, Defendant must present evidence that it paid Plaintiff holiday pay to which she was not entitled, and that Plaintiff knew she was not entitled to those wages but retained

them anyways. Put simply, Plaintiff's FLSA claim is to recover underpaid wages, whereas Defendant's counterclaim is to recover overpaid wages.

The Court therefore finds that there is a logical relationship between the facts and evidence needed to prove Plaintiff's FLSA claim and Defendant's counterclaim for unjust enrichment. *See Schaeffer v. N.J. Transit Corp.*, 2014 WL 8251607, at *1-2 (D.N.J. 2014) (denying plaintiff's 12(b)(1) motion to dismiss defendant's counterclaim alleging that it overpaid plaintiff for unused vacation time, sick leave, and educational assistance, finding that the counterclaim derived from a "common nucleus of operative fact" as plaintiff's FLSA claim). The unjust enrichment claim is distinguishable from the breach of contract claim because the car loan extended by Defendant does not directly relate to wages earned and paid, whereas the holiday-pay issue underlying Defendant's unjust enrichment claim does.

Moreover, allowing Defendant's unjust enrichment counterclaim to proceed would serve the interests of judicial economy. A simultaneous determination of the claims is necessary to calculate the appropriate measure of damages. Furthermore, the parties are the same, the claims require much of the same evidence, and many of the same witnesses are likely necessary for both claims. Defendant's unjust enrichment counterclaim shares a common nucleus of operative fact with Plaintiff's federal claim for violation of the FLSA. The Court therefore finds it may exercise supplemental jurisdiction over Defendant's counterclaim for unjust enrichment.

### 2. Rule 12(b)(6)

Plaintiff's motion to dismiss for failure to state a claim is directed at only Defendant's counterclaim for unjust enrichment. In determining whether a counterclaim should be dismissed pursuant to Rule 12(b)(6), the court applies the same standards as applied in considering a motion to dismiss a complaint for failure to state a claim for relief. *Ramada Franchise Sys., Inc. v.*

*Tresprop, Ltd.*, 75 F. Supp. 2d 1205, 1208 (D. Kan. 1999). The court will dismiss a cause of action pursuant to Rule 12(b)(6) under two circumstances. First, dismissal is warranted where an issue of law precludes recovery. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). Second, dismissal is likewise appropriate where the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if its factual allegations allow the court to draw the reasonable inference that the opposing party is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court must accept well-pleaded factual allegations as true, this obligation does not extend to legal conclusions or to "threadbare recitals of the elements of the cause of action." *Id.* at 678-79.

Here, Plaintiff alleges Defendant's unjust enrichment claim fails as a matter of law, primarily arguing that the claim is actually an improper attempt to set off against its overtime obligation and, as such, should be dismissed. Doc. 78 at 4-6. In response, Defendant argues that precedent does not support dismissal of Defendant's unjust enrichment claim in this case. Doc. 80 at 5-11. For the following reasons, the Court agrees with Defendant.

The Court recognizes that several courts, including the Tenth Circuit, have indicated that counterclaims, especially where akin to setoffs, are not allowed in an FLSA action. However, for the following reasons, the Court finds that the circumstances of this case are distinguishable from the cases relied upon by Plaintiff—in particular, *Donovan v. Pointon*, 717 F.2d 1320 (10th Cir. 1983). In *Donovan*, the Secretary of Labor brought an action against the defendant employer for violations of overtime and record-keeping provisions of the FLSA. 717 F.2d at 1321. The defendant sought to assert set-offs, counterclaims, and third-party complaints based upon claims that two employees allegedly owed the defendant money for sums that had been advanced to them. *Id.* at 1323. The district court did not allow those claims and the Tenth Circuit found no error in

that denial, stating that "the purpose of the present action is to bring [the defendant] into compliance with the [FLSA] by enforcing a public right." *Id.* "To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process." *Id. Donovan*, however, is inapposite to the circumstances of this case, as the claims in *Donovan* were asserted by the Secretary of Labor to enforce a public right. They were not brought by an individual plaintiff seeking to assert his or her private rights under the FLSA.

The importance of this distinction is illustrated by the opinion in *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, 2009 WL 10693341 (D. Nev. 2009). In *Davis*, plaintiffs brought a collective action under the FLSA against their former employer related to an alleged failure to pay overtime, minimum wages, and other commissions earned by the employees during the course of their employment. 2009 WL 10693341 at *1. Defendant employer sought leave to assert a counterclaim for breach of contract and the district court found that the defendant should be permitted to assert that claim. *Id.* at 2-3. In so holding, the district court noted that the rationale of the courts that had prohibited counterclaims in FLSA actions was not applicable to the circumstances of the case at bar. *Id.* The district court stated:

> Courts that have forbidden counterclaims by employers in FLSA actions have generally been motivated by one of two concerns. First, courts have forbidden offsets in situations where the offsets would bring the employees' recovery below the statutory minimum wage. Second, many courts have refused to allow offsets in FLSA actions brought by the Secretary of Labor on behalf of employees because "the purpose of [such an] action is to bring [an employer] into compliance with the [FLSA] by enforcing a public right."

*Id.* at 3 (quoting *Donovan*, 717 F.2d at 1323). The district court found that neither of those concerns were present in the case so as to justify exclusion of the defendant's counterclaim. *Id.* In its opinion, the district court also distinguished *Donovan*, which it stated "is more appropriately understood as prohibiting counterclaims against employees when the Secretary of Labor brings an FLSA action

11

on those employees' behalf." *Id.* at 5. "Since this is a case where the [plaintiffs] are asserting their private rights under the FLSA, *Donovan* does not suggest that [the defendant's] counterclaims should not be allowed." *Id.* (emphasis added).

Here, the Court agrees with Defendant that the rationale in *Davis* is instructive and that the Court is not bound to dismiss Defendant's unjust enrichment claim under *Donovan*.[6] First, like *Davis*, there is no evidence that Defendant's unjust enrichment counterclaim would bring Plaintiff's recovery below the statutory minimum wage.[7] Second, this case was not brought as an enforcement action by the Secretary of Labor. Rather, Plaintiff asserts her private rights under the FLSA. Third, the Court finds that allowing Defendant to assert its unjust enrichment claim would promote judicial economy for the same reasons set forth in Part II.A.1.b.ii in connection with Plaintiff's motion to dismiss under Rule 12(b)(1).

Based on this analysis, therefore, the Court finds that Defendant may assert its counterclaim for unjust enrichment in this action. The Court denies Plaintiff's motion to dismiss pursuant to Rule 12(b)(6).

**B. Plaintiff's Motions for Partial Summary Judgment (Docs. 75, 77)**

Plaintiff also moves for partial summary judgment on her affirmative claims for violation of the FLSA (Count I) and FLSA retaliation (Count V). Docs. 75, 77. Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to

---

[6] The Court is similarly unpersuaded by the holding in *McFeeters v. Brand Plumbing, Inc.*, 2016 WL 6581515 (D. Kan. 2016), which—like *Donovan*—is cited favorably by Plaintiff in her motion to dismiss. *McFeeters* was an FLSA collective action asserting that the defendant employer failed to properly compensate its employees. 2016 WL 6581515 at *1. The defendant asserted (among other claims) a counterclaim for unjust enrichment on the basis that some employees had collected unearned vacation pay. *Id.* The district court, relying heavily on *Donovan*, dismissed the counterclaim. *Id.* Because—applying the rationale of the district court in *Davis*—the Court finds that *Donovan* is inapposite to the circumstances presented here, the Court finds *McFeeters* unpersuasive on the facts of this case.

[7] Defendant asserts in its opposition to the motion to dismiss that its counterclaim seeks recovery of any unearned overpayment only to the extent Plaintiff's compensation remains above the statutory minimum.

judgment as a matter of law." FED. R. CIV. P. 56(a). In applying this standard, courts must view the facts and any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### 1.  Count I for Violation of the FLSA (Doc. 75)

In support of her motion for partial summary judgment on her claim for violation of the FLSA, Plaintiff alleges Defendant violated the FLSA by paying Plaintiff her regular hourly wage, instead of time-and-a-half, for all overtime hours worked. Doc. 76 at 5-6. Plaintiff seeks summary judgment on the following issues:

- Defendant had a practice of paying its hourly employees straight time wages for overtime hours;
- This practice violates the FLSA;
- Several of Defendant's employees were underpaid because of this violation; and
- Pursuant to this practice, Plaintiff was underpaid by $30.38.

*Id.* at 6. In its opposition, Defendant primarily argues that (1) it does not have a practice of paying its hourly employees straight time wages for overtime hours, and (2) it has introduced evidence that Plaintiff was actually overpaid, which is a complete defense to Plaintiff's claim. Doc. 79.

The FLSA was enacted, in part, to compensate employees for the strain of working long hours. *Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304 (10th Cir. 2011). To accomplish this purpose, the FLSA generally requires an employer to "pay its employees one and one-half times

their regular rate of pay for any time worked in excess of forty hours per workweek."[8] *Archuleta v. Wal-Mart Stores, Inc.*, 543 F.3d 1226, 1228 (10th Cir. 2008); *see also* 29 U.S.C. § 207(a)(2). If an employee satisfies her burden of proving the employer has violated the FLSA, the employee "may be entitled to recoup unpaid overtime compensation and liquidated damages." *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1187 (10th Cir. 2015).

Here, it is uncontroverted that: pursuant to Plaintiff's employment contract, Defendant was to pay Plaintiff an hourly wage of $20.25 plus time-and-a-half for any overtime over 40 hours per week (Doc. 72 at 2); Defendant conducted an audit that revealed overtime hours had been undercounted for several employees (*Id.*); and, with respect to Plaintiff, Defendant's audit disclosed that three hours of her overtime were calculated as regular hours, resulting in a difference of $30.38 (Doc. 79 at 2, 8).

Nonetheless, the Court finds there are disputed issues of fact precluding summary judgment. First, based on Defendant's allegations of unearned holiday pay, it is controverted as to whether the fact that Defendant failed to pay Plaintiff at the appropriate rate for all hours worked overtime constitutes an "underpayment." Likewise, it is controverted as to whether Defendant had a "practice" of paying straight time wages for overtime hours as alleged by Plaintiff. Although Plaintiff premises each of her requests for summary judgment on the allegation that Defendant had such a practice and argues that this practice resulted in Plaintiff being underpaid by $30.38, Plaintiff does not present uncontroverted evidence supporting these claims.[9]

---

[8] Although the Court recognizes that certain classes of employees are exempt from the FLSA's requirements and thus ineligible for overtime compensation, Defendant does not allege that Plaintiff falls within any of the recognized exemptions.

[9] The Court further notes (with respect to her request that the Court enter summary judgment on her contention that other employees were underpaid due to this "practice") that Plaintiff does not have standing to assert the claims of other employees allegedly underpaid by Defendant. As set forth above, although Plaintiff previously obtained conditional certification of this action, the case has since been decertified as a collective action. *See supra* Part I.B.

Because all of the bases upon which Plaintiff seeks summary judgment hinge on Defendant having a practice of underpaying employees for overtime hours worked—and because there is a genuine issue of material fact regarding the existence of such a practice and whether Plaintiff herself was underpaid—the Court denies Plaintiff's motion for summary judgment on Count I for violation of the FLSA.

### 2. Count V for Retaliation Under the FLSA (Doc. 77)

In her motion for partial summary judgment on her claim for FLSA retaliation, Plaintiff argues that no genuine issue of material fact exists regarding whether Defendant asserted its breach of contract counterclaim solely in response to Plaintiff filing her claim for violation of the FLSA. Doc. 78 at 2. In response, Defendant contends its claim can only constitute unlawful retaliation to the extent it lacks any factual or legal basis—which, Defendant further argues, it does not. Doc. 80 at 16-21. For the following reasons, the Court denies Plaintiff's request for summary judgment on her retaliation claim.

The FLSA prohibits an employer from retaliating against an employee for asserting her FLSA rights. *Pacheco v. Whiting Farms, Inc.*, 365 F.3d 1199, 1206 (10th Cir. 2004). Specifically, the FLSA provides that it shall be unlawful for any employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]."[10] 29 U.S.C. § 215(a)(3). FLSA retaliation claims are analyzed under the three-pronged *McDonnell Douglas* burden-shifting

---

[10] Courts have construed § 215(a)(3)'s "any employee" language to include former employees such as Plaintiff. *See, e.g.*, *Dunlop v. Carriage Carpet Co.*, 548 F.2d 139, 147 (6th Cir. 1977) (holding that a former employee was protected under the FLSA even though the statute did not refer to "former employees"); *Rutherford v. Am. Bank of Commerce*, 565 F.2d 1162, 1165-66 (10th Cir. 1977) (adopting *Dunlop*'s reasoning regarding former employees in analogous context of Title VII case).

framework. *Pacheco*, 365 F.3d at 1206; *see generally McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The first prong of the *McDonnell Douglas* framework requires the employee to establish a prima facie case of retaliation. *Pacheco*, 365 F.3d at 1206. To establish a prima facie case of FLSA retaliation, an employee must show that (1) she engaged in protected activity under the FLSA, (2) she suffered an adverse employment action contemporaneous with or subsequent to the protected activity, and (3) a causal connection exists between the protected activity and the adverse employment action. *Id.* With respect to the second element, courts have held that the mere assertion of a counterclaim by an employer, without more, is not an adverse action and thus cannot support a retaliation claim. *See, e.g.*, *Sparks v. Duncan Race Cars, Inc.*, 2014 WL 7403382, at *7 (D. Colo. 2014); *Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 834 (N.D. Ill. 2006).

Rather, for a plaintiff to make a successful claim for retaliation based on a defendant's counterclaim, the plaintiff must show that the counterclaim (1) lacks a reasonable basis in fact or law and (2) was filed for a retaliatory motive. *See, e.g.*, *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 748-49 (1983) (in analogous context of retaliation claim under the National Labor Relations Act); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1406-07 (10th Cir. 1992) (applying the *Bill Johnson's* test in determining whether the filing of a third party complaint seeking indemnification is unlawful retaliation under the FLSA); *Barnes v. Akal Sec., Inc.*, 2005 WL 1459112, at *5-6 (D. Kan. 2005) (agreeing with the defendant's statement of applicable law, which sought to apply *Bill Johnson's* in the context of an FLSA retaliation case).

Here, Plaintiff fails to show that Defendant's counterclaim for breach of contract lacks a reasonable basis. Although the Court dismisses the counterclaim for lack of subject matter

jurisdiction,[11] this does not render the claim factually or legally baseless. And Plaintiff fails to present any evidence that Defendant's argument for subject matter jurisdiction rested on an indisputably meritless legal theory or that the substantive claim is not factually or legally sound.

Plaintiff also does not sufficiently establish retaliatory motive. To support its allegations of retaliatory motive, Plaintiff relies on testimony from Steve Kamau, Defendant's clinic director and owner, stating that Defendant would not have brought this counterclaim (related to Plaintiff's alleged failure to repay the car loan) but for Plaintiff's lawsuit. Doc. 78 at 2-3, 11; Doc. 78-5 at 36-37. Defendant, meanwhile, argues that it did not pursue repayment of the loan before Plaintiff initiated this lawsuit because it simply made a business decision that it was not worth the time, effort, and money to pursue collection. Doc. 80 at 20. Mr. Kamau further testified that, at the time of Plaintiff's termination, there were more pressing issues demanding his attention and he therefore elected not to pursue the loan at that time. Doc. 78-5 at 32-33. Once Plaintiff filed this action, however, it made sense to try to collect given the fact that Defendant was now engaged in litigation with Plaintiff. *Id.* at 36. Based on this evidence, the Court finds disputed issues of fact regarding Defendant's motivation for filing the counterclaim, precluding entry of summary judgment.

Plaintiff has not carried her burden of establishing a prima facie case of retaliation. The Court must therefore deny Plaintiff's request for summary judgment on Count V for FLSA retaliation.[12]

### III. CONCLUSION

THE COURT THEREFORE ORDERS that Plaintiff's Renewed Motion for Partial Summary Judgment (Doc. 75) is DENIED.

---

[11] *See supra* Part II.A.1.b.i.

[12] Because Plaintiff has not carried her burden of establishing a prima facie case, the Court need not proceed with the remainder of the *McDonnell Douglas* test.

THE COURT FURTHER ORDERS that Plaintiff's Renewed Motion to Dismiss and Second Motion for Partial Summary Judgment (Doc. 77) is GRANTED IN PART and DENIED IN PART as set forth in Part II.A and Part II.B.2, *supra*. Defendant's counterclaim for breach of contract is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: January 31, 2019                    /s/  *Holly L. Teeter*
                                                                           HOLLY L. TEETER
                                                                           UNITED STATES DISTRICT JUDGE